## Huntington National Bank v. Dinkins

C.P. of Allegheny County, No. GD 11-10318.

*James F. Grenen for plaintiff*
*Andrew J. Leger Jr. for defendent*

FRIEDMAN, *J.*, June 1, 2012—The defendants in two related but unconsolidated captioned actions have each filed petitions to strike or open confessed judgments[1] entered against each of them based on separate guaranties each gave to plaintiff's predecessor, Sky Bank, in connection with a loan made by Sky Bank to TFT Funding, LLC ("TFT"). The case involving Darnell Dinkins is filed at GD 11-10318; the case involving Robert L. Thornton is

---

1. Erroneously titled petitions to open default judgments.

filed at GD 11-10311. Identical memoranda and orders are filed for each defendant.

A rule was issued on July 6, 2011 and, in accordance with local rules and custom, answers were filed, depositions were taken and an argument date was later scheduled for December 14, 2011. After argument we took the case under advisement. After considering the evidence contained in the depositions and documents, we conclude that the defendants' petitions must be denied.

The purpose of the original loan and the one of February 2008 was to enable TFT to lend money to their "customer base" to provide

> ...the necessary bridge financing for the acquisition and renovation of single family and 1-4 unit residential investment properties for [TFT's] residential investor base. TFT [would] lend money to the individual investors for the purchase of properties in $30M to $50M range, and then allow for approximately $10M to $20M in renovations. At that point, the individual investor [was expected to] seek permanent financing (sometimes through Huntington Bank) based on competitive pricing, or sell the property.

See the "Transaction Overview" in dxhibit 7 to the Lennon deposition, which is a copy of one of the bank's internal underwriting documents regarding the note now at issue, dated February 7, 2008.[2]

The guaranties given to Sky Bank by Mr. Thornton

---

2. Based on hindsight, this probably involved loans by TFT to people who wanted to buy inexpensive real estate with the thought of either "flipping" the property or keeping it and renting it out.

and Mr. Dinkins are dated April 5, 2006. The guaranties are identical and say that they will apply not only to the Sky Bank loan represented by "the promissory note dated 10-6-05," but also to "all renewals of, extensions of, modifications of, refinancings of, consolidations of, and substitutions for the promissory note or agreement." The note at issue, February 7, 2008, states that it is in "renewal and replacement" of a note dated October 6, 2005, which is the Sky Bank note.

The sole legal question is whether a "renewal and replacement" is the same as a "renewal and substitution." The guaranties at issue specify that they will apply to "renewals and substitutions." The use of "replacement" rather than "substitution" as part of the characterization of the later note does not create an ambiguity. The words have an identical meaning. According to *Merriam Webster's Collegiate Dictionary*, 10th Ed., 1994, "replace" means "to take the place of esp. as a substitute or successor;" "replacement" means "one that replaces another esp. in a job or function." "Substitute" is defined as "to take the place of: Replace." "Substitution" means "one that is substituted for another." No other definitions have been suggested or discovered.

Although confession clauses are not favored under Pennsylvania law, even in the commercial context, they are enforceable in the appropriate circumstances. Mr. Dinkins and Mr. Thornton may have relied on statements made by Mr. Lennon which led them to believe that there was no need for them to sign new guaranties because the new note would pay off the note they had guaranteed. However, there is no evidence that the earlier note had been paid off or that the guarantees were released. More

importantly here, the unambiguous language of the pertinent documents makes it clear that the note at issue was a "renewal and substitution" of the earlier note which they had already guaranteed. Therefore, the parol evidence rule bars the use of any statement by Mr. Lennon. There is no basis in either of these two cases for striking or opening the judgments. The Petitions must be denied. See order filed herewith.

### ORDER OF COURT

And now, to-wit, June 1, 2012, the defendant's petition to strike or open confessed judgments is hereby denied for the reasons set forth in the attached memorandum in support of order.

